IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JESSE L. GARCIA,

      Plaintiff,

vs.                                                                      No. CIV 22-0129 JB/JHR

ALISHA TAFOYA-LUCERO, Cabinet
Secretary, NMCD; JESSICA VIGIL
RICHARDS, WNMCF/South Warden; FNU
GARCIA, Mail Room, WNMCF; and
CHELSEA WHITE, Deputy Warden,
WNMCF/South,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Preliminary Injunction/TRO Complaint for Violation of Civil Rights, filed February 22, 2022 (Doc. 1)("Complaint"). When Plaintiff Jesse L. Garcia filed the Complaint, he was a State prisoner incarcerated at the Western New Mexico Correctional Facility in Grants, New Mexico. See Complaint ¶ I, at 2.[1] Garcia appears pro se and is proceeding in forma pauperis. See Order Granting In Forma Pauperis Application, filed May 23, 2022 (Doc. 7). In the Complaint, Garcia alleges that the Defendants are violating his rights under the First Amendment to the Constitution of the United States by promulgating and implementing mail-processing regulations which, he contends, interfere with his right of access to the courts. See Complaint at 5-9 (no paragraph numbers given). He seeks injunctive relief. See Complaint ¶ VI, at 10. Having carefully reviewed the pleadings under 28 U.S.C. § 1915A and

---

[1] As discussed in greater detail below, since filing his Complaint, Garcia has moved to the Central New Mexico Correctional Facility in Los Lunas, New Mexico. See Petition for Default Judgment at 4, filed November 2, 2022 (Doc. 13)(providing notice of change of address).

rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court finds that Garcia's pleadings state no viable claim for relief under 42 U.S.C. § 1983. Accordingly, the Court will: (i) dismiss the Complaint; and (ii) permit Garcia to file an amended complaint.

## FACTUAL AND PROCEDURAL BACKGROUND

The following facts are taken from the Complaint and the Supplemental Information, filed April 5, 2022 (Doc. 4)("Supplement"). For the limited purpose of this Memorandum Opinion and Order, the Court assumes the Complaint and Supplement's allegations are true. The events underlying this Complaint occurred at Western New Mexico Correctional Facility, where Garcia was housed when he filed the Complaint. Complaint ¶ I, at 2.

Garcia alleges that Defendant Alisha Tafoya-Lucero, Cabinet Secretary of the New Mexico Corrections Department, established a rule that all non-legal inmate mail at the Western New Mexico Correctional Facility should be sent to the Secure Digital Mail Center in Tampa, Florida. See Complaint ¶ 1, at 5. Prison officials would open written legal correspondence from attorneys and the courts in the presence of the recipient-inmate, photocopy the correspondence, give the copy to the inmate, and then destroy the original. See Complaint ¶ 1, at 5. On one occasion, Garcia received his legal mail through this process. See Complaint ¶ 5, at 9. Garcia also alleges that for two months, he was without any writing paper, envelopes, or stamps which, he alleges, deprived him of the right to communicate with anyone, even the courts. See Complaint ¶ 4, at 8. Based on the foregoing, Garcia seeks a temporary restraining order and a preliminary injunction requiring the Defendants to stop the practices that Garcia alleges violate his constitutional rights. See Complaint ¶ VI, at 10.

**LAW REGARDING INITIAL REVIEW OF PRISONER COMPLAINTS**

Section 1915A of Title 28 of the United States Code requires the court to conduct a sua sponte review of all civil complaints where a plaintiff is incarcerated and seeks relief from a government official.  See 28 U.S.C. § 1915A.  The Court must dismiss any in forma pauperis complaint that is frivolous, malicious, or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915A(b).  The Court also may dismiss a complaint sua sponte under rule 12(b)(6) if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged and allowing him an opportunity to amend his complaint would be futile."  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991)(quoting McKinney v. Oklahoma, 925 F.2d 363, 365 (10th Cir. 1991)).  In other words, the same standard of review applies under rule 12(b)(6) and § 1915(e).

Rule 12(b)(6) tests the "sufficiency of the allegations within the four corners of the complaint after taking those allegations as true."  Mobley v. McCormick, 40 F.3d 337, 340 (10th Cir. 1994)(citing Williams v. Meese, 926 F.2d 994, 997 (10th Cir. 1991)).  A complaint's sufficiency is a question of law, and when reviewing the complaint, a court must accept as true all of a complaint's well-pled factual allegations, view those allegations in the light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor.  See Tellabs, Inc. v. Makor Issues & Rts, Ltd., 551 U.S. 308, 322-23 (2007)("[O]nly '[i]f a reasonable person could not draw . . . an inference [of plausibility] from the alleged facts' would the defendant prevail on a motion to dismiss." (quoting Makor Issues & Rts, Ltd. v. Tellabs, Inc, 437 F.3d 588, 602 (7th Cir. 2006)(second alteration in Tellabs, Inc. v. Makor Issues & Rights, Ltd.))); Smith v. United States, 561 F.3d 1090, 1098 (10th Cir. 2009)("[F]or purposes of resolving a Rule 12(b)(6) motion, we accept as true all well-pleaded factual allegations in a complaint and view these allegations in the

light most favorable to the plaintiff." (citing Moore v. Guthrie, 438 F.3d 1036, 1039 (10th Cir. 2006))).

A complaint need not set forth detailed factual allegations, but "[a] pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action'" is insufficient.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. at 678.  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Bell Atl. Corp. v. Twombly, 550 U.S. at 555.

To survive rule 12(b)(6) review, a plaintiff's complaint must contain sufficient "facts that, if assumed to be true, state a claim to relief that is plausible on its face."  Mink v. Knox, 613 F.3d 995, 1000 (10th Cir. 2010)(citing Ashcroft v. Iqbal, 556 U.S. at 678).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. at 556).  "Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complainant must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."  Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007).   The Tenth Circuit has stated:

> "[P]lausibility" in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line

from conceivable to plausible." The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief. Robbins v. Oklahoma, 935 F.2d 1106, 1247 (10th Cir. 2008)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 570).

In conducting the initial review, a pro se prisoner's pleadings "are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d at 1110. If the Court can "reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, . . . confusion of various legal theories, . . . poor syntax and sentence construction, or . . . unfamiliarity with pleading requirements." Hall v. Bellmon, 935 F.2d at 1110. At the same time, however, pro se parties must file a legible pleading that complies with rule 8 of the Federal Rules of Civil Procedure, which requires: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought[.]" Fed. R. Civ. P. 8(a).

## LAW REGARDING 42 U.S.C. § 1983

Section 1983 is a vehicle for vindicating substantive rights against State officials under the United States Constitution. See Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979); Albright v. Oliver, 510 U.S. 266, 271 (1994)(noting that § 1983 creates no substantive rights; rather it is the means through which a plaintiff may seek redress for deprivations of rights established in the Constitution); Bolden v. City of Topeka, 441 F.3d 1129 (10th Cir. 2006). Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . subjects or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action

at law . . . .

42 U.S.C. § 1983.  Only a "person" may be held liable under § 1983. 42 U.S.C. § 1983.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert acts by State government officials acting under color of law that result in a deprivation of rights the Constitution secures.  See 42 U.S.C. § 1983; West v. Atkins, 487 U.S. 42, 48 (1988).  There must be a connection between official conduct and violation of a constitutional right.  Conduct that is not connected to a constitutional violation is not actionable under § 1983.  See Trask v. Franco, 446 F.3d 1036, 1046 (10th Cir. 1998).

Further, a civil rights action against a public official or entity may not be based solely on a theory of respondeat superior liability for co-workers or subordinates' actions.  See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978).  A plaintiff must plead that each government official, through the official's individual actions, has violated the Constitution.  See Ashcroft v. Iqbal, 556 U.S. at 676.  To succeed under § 1983, a plaintiff must allege an identified official's personal involvement in the alleged constitutional violation.  See Fogarty v. Gallegos, 523 F.3d 1147, 1162 (10th Cir. 2008).  In a § 1983 action, it is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claim against him or her."  Robbins v. Oklahoma, 519 F.3d at 1249-50 (emphasis in original).  Generalized statements that the defendants caused the deprivation of a constitutional right, without plausible supporting factual allegations, are not sufficient to state any claim for relief.  See Robbins v. Oklahoma, 519 F.3d at 1249-50.

Injunctive relief is available under § 1983.  A prisoner plaintiff may not maintain, however, § 1983 claims for temporary, preliminary, or permanent injunctive relief based on

conditions of incarceration if the plaintiff is no longer housed at the facility. See Green v. Branson, 108 F.3d 1296, 1300 (10th Cir. 1997); White v. State, 82 F.3d 364, 366 (10th Cir. 1996). Once a prisoner is released from the prison facility, injunctive relief would have no effect on defendants' behavior and, therefore, injunctive relief is moot. See Green v. Branson, 108 F.3d at 1300; Abdulhaseeb v. Calbone, 600 F.3d 1301, 1311 (10th Cir. 2010). The rule that injunctive relief becomes moot applies both where the prisoner is released from prison and where the prisoner is transferred to a different prison facility. See Love v. Summit County, 776 F.2d 908, 910 n.4, 912 (10th Cir. 1985).

## LAW REGARDING FIRST AMENDMENT RIGHTS AND INMATE MAIL

Inmates do not surrender their constitutional rights at the prison gates. See Bell v. Wolfish, 441 U.S. 520, 545 (1979); Jones v. N.C. Prisoners' Labor Union, 433 U.S. 119, 129 (1977); Wolff v. McDonnell, 418 U.S. 539, 555-56 (1974). "Inmates clearly retain protections afforded by the First Amendment." O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987). These retained First Amendment rights include the right to send and receive mail. See Bolgers v. Youngs Drug Prods. Corp., 463 U.S. 60, 69 (1983); Blount v. Rizzi, 400 U.S. 410, 416 (1971); Lamont v. Postmaster General, 381 U.S. 301, 307-08 (1965). At the same time, however, "simply because prison inmates retain certain constitutional rights does not mean these rights are not subject to restrictions and limitations." Bell v. Wolfish, 441 U.S. at 545. An inmate retains his First Amendment rights only to the extent "that [they] are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system . . . ." Pell v. Procunier, 417 U.S. 817, 822 (1974).

"In the case of unprivileged incoming and outgoing prison mail, regulation by prison officials is 'essentially an administrative matter' in which the courts will not intervene." Brown v. Williams, 36 F. App'x 361, 364 (10th Cir. 2002)(unpublished)[2](quoting United States. v. Gordon, 168 F.3d 1222, 1228 (10th Cir.1999), and Wilkerson v. Warden of U.S. Reformatory, El Reno, 465 F.2d 956, 957 (10th Cir. 1972)). "Consistent with their duty to maintain prison security, prison officials may read inmates' incoming and outgoing non-legal mail." Cotner v. Knight, 61 F.3d 915, 1995 WL 441408, at *5 (10th Cir. July 21, 1995)(table)(quoting Thongvanh v. Thalacker, 17 F.3d 256, 258-59 (8th Cir. 1994)). Accordingly, prison officials may open and inspect "legal mail" in the prisoner's presence. Wolff v. McDonnell, 418 U.S. at 575-77; Jackson-Mackay v. McDonald, No. 22-8033, 2023 WL 2544448, at *4 (10th Cir. March 17, 2023)(unpublished).

---

[2]Brown v. Williams is an unpublished opinion, but the Court can rely on an unpublished Tenth Circuit opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005). The Court finds that Brown v. Williams, 36 F. App'x 361, 364 (10th Cir. 2002), Cotner v. Knight, Jackson-Mackay v. McDonald, No. 22-8033, 2023 WL 2544448 (10th Cir. Mar. 17, 2023), Khan v. Barela, 808 F. App'x 602 (10th Cir. 2020), Lopez v. U.S. Sentencing Comm'n 266 F. App'x 759, 761 (10th Cir. 2008), Harrison v. Bent Cnty. Corr. Facility, 24 F. App'x 965 (10th Cir. 2001), Collier v. Nelson, 202 F.3d 281, 281 (10th Cir. 2000)(Table), and Tijerina v. Patterson, 543 F. App'x 771 (10th Cir. 2013) have persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

When evaluating a challenge to a prison restriction which a prisoner asserts inhibits First Amendment interests, the Court must analyze the restriction "in terms of the legitimate policies and goals of the corrections system, to whose custody and care the prisoner has been committed in accordance with due process of law." Pell v. Procunier, 417 U.S. at 822.  See Turner v. Safley, 482 U.S. 78, 89 (1987)(holding that a prison regulation which impinges on First Amendment freedoms is invalid unless "it is reasonably related to legitimate penological interests.").  Courts generally apply a four-factor test to determine whether the restriction of inmates' First Amendment rights are reasonably related to legitimate penological interests.  Turner v. Safley, 482 U.S. at 89 (establishing the test).  The factors are:

> (1) whether a rational connection exists between the prison policy [or] regulation and a legitimate governmental interest advanced as its justification; (2) whether alternative means of exercising the right are available notwithstanding the policy or regulation; (3) what effect accommodating the exercise of the right would have on guards, other prisoners, and prison resources generally; and (4) whether ready, easy-to-implement alternatives exist that would accommodate the prisoner's rights.

Beerheide v. Suthers, 286 F.3d 1179, 1185 (10th Cir. 2002)(citing Turner v. Safley, 482 U.S. at 89-91).

A full "analysis of the *Turner* factors is unnecessary at the pleading stage." Al-Owhali v. Holder, 687 F.3d 1236, 1240 n.2 (10th Cir. 2012).  An inmate, however, "must include sufficient facts to indicate the plausibility that the actions of which he complains were not reasonably related to legitimate penological interests." Gee v. Pacheco, 627 F.3d 1178, 1187-88 (10th Cir. 2010). Doing so might require the inmate to "recite[] facts that might well be unnecessary in other contexts." Gee v. Pacheco, 627 F.3d at 1185. "For example, . . . a prisoner claim may not be plausible unless it alleges facts that explain why the usual justifications for the complained-of acts

do not apply." Gee v. Pacheco, 627 F.3d at 1185. Thus, while an inmate need not "identify every potential legitimate interest and plead against it," he or she "must plead facts from which a plausible inference can be drawn that the action was not reasonably related to a legitimate penological interest." Khan v. Barela, 808 F. App'x 602, 607 (10th Cir. 2020)(unpublished) (quoting Gee v. Pacheco, 627 F.3d at 1185).

To prevail on a First Amendment claim relating to the non-delivery or delay of legal mail, an inmate "must show that non-delivery . . . resulted in actual injury by frustrating, impeding, or hindering his efforts to pursue a legal claim." Wardell v. Maggard, 470 F.3d 954, 959 (10th Cir. 2006); Lopez v. U.S. Sentencing Comm'n, 266 F. App'x 759, 761 (10th Cir. 2008). "Conclusory allegations of injury in this respect will not suffice." Wardell v. Maggard, 470 F.3d at 959. A temporary delay or isolated instance of delay caused by the process of screening mail for contraband is not a First Amendment violation. See Crofton v. Roe, 170 F.3d 957, 961 (9th Cir. 1999).

## **LAW REGARDING ACCESS TO THE COURTS**

The right to access courts implicates the First Amendment, the Fifth Amendment, and the Due Process Clause. See Smith v. Maschner, 899 F.2d 940, 947 (10th Cir. 1990); Love v. Summit Cnty., 776 F.2d 908, 912 (10th Cir. 1985). The Supreme Court of the United States holds that inmates must receive "a reasonably adequate opportunity to present claim[s] . . . to the courts." Lewis v. Casey, 518 U.S. 343, 350 (1996)(quoting Bounds v. Smith, 430 U.S. 817, 825 (1977)). The right focuses on the "conferral of a capability -- the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." Lewis v. Casey, 518 U.S. at 356. See Christopher v. Harbury, 536 U.S. 403, 415 (2002)(establishing that a plaintiff

must demonstrate he was effectively "shut out of court"). Prison officials "may not erect barriers that impede the right of access of incarcerated persons." Carper v. DeLand, 54 F.3d 613, 617 (10th Cir. 1995). To state a viable claim that prison officials have impeded a plaintiff's court access, beyond demonstrating a lack of access, a plaintiff must also allege facts in his complaint suggesting an actual injury. See Lewis v. Casey, 518 U.S. at 351-52. In Lewis v. Casey, the Supreme Court holds:

> [M]eaningful access to the courts is the touchstone, and the inmate therefore must go one step further and demonstrate that the alleged shortcomings in [a prison correspondence] . . . program hindered his efforts to pursue a legal claim. He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies . . . that he was unable even to file a complaint.

Lewis v. Casey, 518 U.S. at 351. Prisons must provide resources "that inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." Collier v. Nelson, 202 F.3d 281, 281 (10th Cir. 2000)(Table)(citing Lewis v. Casey, 518 U.S. at 354). See Wolff v. McDonnell, 418 U.S. at 576 (explaining that the chief aim of access precedent is to "protect[] the ability of an inmate to prepare a petition or complaint"). "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." Collier v. Nelson, 202 F.3d at 281 (citing Lewis v. Casey, 518 U.S. at 354). See Harrison v. Bent Cnty. Corr. Facility, 24 F. App'x 965, 967 (10th Cir. 2001)(affirming dismissal of an access-to-courts claim, and noting that "it is not enough for [plaintiff] to state that he is unable to file motions or briefs").

As to litigation resources, prison officials must provide an inmate with at least some incidentals necessary to pursue legal action, such as paper, a pen, copying, and postage. See Bounds v. Smith, 430 U.S. at 824 (regarding pen and paper); Harrell v. Keohane, 621 F.2d 1059, 1061 (10th Cir. 1980)(regarding copying); Twyman v. Crisp, 584 F.2d 352, 359 (10th Cir. 1978)(regarding postage). Nevertheless, inmates "do not have an unlimited right to free postage in connection with the right of access to the courts." Twyman v. Crisp, 584 F.2d at 359. And simply being denied writing supplies is not enough to state a claim for denial of access to the courts. See Tijerina v. Patterson, 543 F. App'x 771, 774 (10th Cir. 2013)(unpublished). A plaintiff must also show the denial hindered his efforts to pursue a nonfrivolous habeas or conditions of confinement claim. See Tijerina v. Patterson, 507 F. App'x at 811; Lewis v. Casey, 518 U.S. 343 at 349 (holding that a showing of actual injury is necessary to establish a claim for denial of access to the courts).

## ANALYSIS

The Court dismisses Garcia's Complaint. In reaching this conclusion, the Court first outlines its reasoning on Garcia's claims for injunctive relief. Next, the Court explains its thinking on Garcia's First Amendment claims. Next, the Court addresses Garcia's access-to-the-courts claim. Finally, the Court permits Garcia to file an amended complaint.

**I.    THE COURT DISMISSES GARCIA'S CLAIMS FOR INJUNCTIVE RELIEF.**

The Court dismisses Garcia's claims for injunctive relief, because they are based on his incarceration conditions at the Western New Mexico Correctional Facility, and not the Central New Mexico Correctional Facility. When Garcia filed the Complaint, he was incarcerated at the Western New Mexico Correctional Facility. See Complaint ¶ I, at 2. Garcia is now incarcerated

at the Central New Mexico Correctional Facility.  See Petition for Default Judgment, filed November 2, 2022 (Doc. 13)(providing notice of change of address).   Garcia may not maintain a § 1983 claim for injunctive relief or a temporary restraining order against a facility where he is no longer incarcerated.  See Green v. Branson, 108 F.3d at 1300 (holding that injunctive relief is moot, because the plaintiff is no longer a prisoner within the control of the defendant); White v. State, 82 F.3d at 366.  Accordingly, the Court dismisses Garcia's request for injunctive relief against the Western New Mexico Correctional Facility.

**II.     THE COURT WILL DISMISS GARCIA'S FIRST AMENDMENT CLAIMS.**

To the extent that Garcia seeks to state claims under § 1983 for deprivations of his First Amendment rights related to his legal and non-legal mail, the allegations in the Complaint do not state a viable claim.   As to his non-legal mail, Garcia has not pled facts "from which a plausible inference can be drawn that the action was not reasonably related to a legitimate penological interest."   Khan v. Barela, 808 F. App'x at 607 (quoting Gee v. Pacheco, 627 F.3d at 1185).   As to his legal mail, Garcia has not alleged facts showing that the process resulted "in actual injury by frustrating, impeding, or hindering his efforts to pursue a legal claim."   Wardell v. Maggard, 470 F.3d at 959.   For these reasons, the Court dismisses Garcia's First Amendment claims.

**III.    THE COURT WILL DISMISS GARCIA'S ACCESS-TO-THE-COURTS CLAIM.**

To the extent that Garcia seeks to state a claim under § 1983 for deprivations of his right of access to the courts, the Complaint does not state a viable claim.   Garcia's allegations that he was deprived of writing materials and stamps for two months, standing alone, are insufficient to show a deprivation of constitutional rights.   See Tijerina v. Patterson, 543 F. App'x at 774.   Garcia has not demonstrated an actual injury -- i.e., that he was hindered in his efforts to pursue a

nonfrivolous habeas or conditions-of-confinement claim as a result. See Lewis v. Casey, 518 U.S. at 349. Accordingly, the Court dismisses Garcia's access-to-the-courts claim.

## IV. THE COURT GRANTS GARCIA LEAVE TO AMEND IN ORDER TO REMEDY DEFECTS IN HIS PLEADINGS.

Finally, having determined that the allegations in the Complaint do not state a cognizable claim, the Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915A(b)(1). See 28 U.S.C. § 1915A(b)(1). The Tenth Circuit counsels that courts ordinarily should give pro se inmates an opportunity to remedy defects in their pleadings. See Hall v. Bellmon, 935 F.2d at 1110. Accordingly, the Court will give Garcia an opportunity to file an amended complaint within thirty days of this Memorandum Opinion and Order's entry. If he does not file an amended complaint by the deadline, the Court may dismiss the Complaint with prejudice and enter Final Judgment.

**IT IS ORDERED** that: (i) all of the claims alleged in the Plaintiff's Preliminary Injunction/TRO Complaint for Violation of Civil Rights, filed February 22, 2022 (Doc. 1), are dismissed; and (ii) Plaintiff Jesse L. Garcia may file an amended complaint within thirty days of this Memorandum Opinion and Order's entry.

 

_____
UNITED STATES DISTRICT JUDGE

*Parties and counsel:*

Jesse L. Garcia
Los Lunas, New Mexico

 *Plaintiff pro se*

Andrew J. Deakyne
Rodney Gabaldon
Garcia Law Group, LLC
Albuquerque, New Mexico

-- and --

Henry Narvaez
Narvaez Law Firm, PA
Albuquerque, New Mexico

    *Attorneys for the Defendants*